IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.  7:20-CV-412 |
| 0.723 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND VALLEY LAND FUND, INC., ET AL., | § § § § § § § | |
| *Defendants.* | § § | |

**ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT VALLEY LAND FUND, INC.**

COMES NOW VALLEY LAND FUND, INC., Defendant in the above entitled and numbered cause, and files this their Original Answer, Affirmative Defenses, and Jury Demand in response to Plaintiff's Complaint in Condemnation and Declaration of Taking, and would show theCourt as follows:

**DEFENDANTS' RESPONSES TO COMPLAINT IN CONDEMNATION (DOCUMENT 1)**

1. Defendant IS without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. The allegations in paragraph 2 are jurisdictional in nature and do not necessitate a response. Subject thereto, to the extent a response is necessary, Defendant admit the allegations in paragraph 2, subject to objections and defenses set forth hereinafter.

3. Defendant is without knowledge sufficient to form a belief as to the truthof allegations in Paragraph 3.

4. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 4.

5. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 5.

6. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 6.

7. Defendant admits that Plaintiff has alleged the amount of its estimate of just compensation for the property acquired in Paragraph 7 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendant denies the allegations of Paragraph 7.

8. Defendant admits they are interested parties in this matter as alleged in Paragraph 8 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 8.

9. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 9.

**DEFENDANTS' RESPONSE TO DECLARATION OF TAKING (DOCUMENT 2)**

1. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 2.

3. Defendant is without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3, 4, and 5.

4. Defendant admits that Plaintiff has alleged and deposited the amount of its estimate of just compensation for the property acquired in Paragraph as alleged in

-7-

Paragraph 6 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendant denies the remaining allegations of Paragraph 6.

5.   Defendant admits they are interested parties in this matter as alleged in Paragraph 7 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 7.

6.   Defendant denies the allegations in Paragraph 8.

## **DEFENDANTS' OBJECTIONS AND DEFENSES**

Pursuant to FED. R. CIV. P. 71.1(e)(2), Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking, and would show as follows:

1.   Plaintiff has failed to negotiate in good faith and make a good faith offer of compensation to Defendant for the property rights being acquired. Such negotiations and good faith offer are required of Plaintiff under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). The Government has failed to meaningfully negotiate with Defendant for the property interest sought as required by theIllegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

2.   The provisions of IIRIRA require the Government to clearly define the real property interest it seeks and then attempt to fix a price for it with the property owners.  In its Complaint, the Government has not provided an adequate description of the location, size, dimensions, number, and type of border fence gates and the manner in which access will work through the gates after the taking.  As such, the property description in Plaintiff's Complaint is inadequate in that it fails to describe the property interest acquired and is insufficient to allow Defendant to specifically identify what property rights are actually being taken in the condemnation. In particular, in Schedule E entitled "Estate Taken"

attached to Plaintiff's Complaint, Plaintiff vaguely alleges that Defendants will be provided "reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled 'Beginning' and easternmost mark labeled 'Ending' depicted on the map" set forth therein. There are no gates or access points identified. Thus, Plaintiff has not legally described the property interest being acquired and the associated access rights in its condemnation complaint.

3. Plaintiff has failed to adequately describe the property rights it seeks to acquire through condemnation and therefore its pleadings do not adequately apprise Defendant of what rights are sought in this lawsuit.

4. Plaintiff has failed to offer just and adequate compensation for the property rights it seeks to acquire and for market value damages to Defendant's remainder property.

5. Plaintiff's offer of compensation does not take into consideration the entire parent tract of Defendant's property and therefore does not include compensation for damages to Defendants' land that is impacted by Plaintiff's taking.

6. Plaintiff has failed to adequately consult under the consultation clause of the note to 8 U.S.C. § 1103. Said negotiations should be a condition prior to Plaintiff taking possession of the property.

7. Plaintiff has failed to state a claim upon which relief can be granted.

8. Plaintiff has failed to meet all conditions precedent to the filing of a condemnation lawsuit.

9. Plaintiff's attempted taking of Defendant's property is unconstitutional.

10. Defendant reserves all rights it has under 28 U.S.C. § 2412, to recover attorney's fees incurred in this condemnation lawsuit. *See also USA v. 329.73 Acres of*

*Land, et al.*, 704 F.2d 800 (5th Cir. 1983) (*en banc*).

11. Defendant reserves the right to file additional objections and defenses if circumstances change, when a more specific legal description of the property being acquired is made by the Plaintiff, or any amendments to this action are filed by Plaintiff.

### **REQUEST FOR JURY**

Defendant requests a trial by jury pursuant to Fed. R. Civ. P. 71.1(h)(1)(B) of the Federal Rules of Civil Procedure to determine just compensation of the land being taken and the damages to the remainder property.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that:

1. Judgment be rendered denying Plaintiff the right to condemn Defendants' property;

2. Alternatively, if such condemnation is allowed, that Defendants be awarded just compensation be determined in accordance with the Fifth Amendment of the United State Constitution and all applicable statutes;

3. Defendants be allowed recovery of attorneys' fees and other appropriate litigation expenses pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654, and the Equal Access to Justice Act, 28 U.S.C. § 2412;

4. Defendants request a trial by jury, pursuant to Fed. R. Civ. P. 71.1(h)(1)(B)on the issue of just and adequate compensation; and

5. Defendants requests the Court grant Defendants such other and further reliefto which it may be entitled.

Dated: March 26, 2021

                                                  Respectfully submitted,

                                                    /s Victor Rodriguez
                                                    Victor Rodriguez
                                                    *Attorney-in-Charge*
                                                    Texas Bar No. 24041809

S.D. Tex. Bar No. 562260  
121 N. 10th Street  
McAllen, Texas 78501  
Telephone: (956) 630-3266  
victor@vrodriguezlaw.com

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

On March 26, 2021, I served the foregoing document via the District Clerk's CM/ECF system and all counsel of record will be served accordingly.

/s Victor Rodriguez  
Victor Rodriguez
