# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff,* § § v. § § 0.723 ACRES OF LAND, MORE OR LESS, § SITUATE IN STARR COUNTY, STATE § OF TEXAS; AND VALLEY LAND FUND, § INC., ET AL., § § § *Defendants.* § | | CASE NO. 7:20-CV-412 |

## JOINT MOTION TO STAY CONDEMNATION PROCEEDINGS

Defendant VALLEY LAND FUND, INC., and Plaintiff UNITED STATES OF AMERICA (the "Parties") file this Joint Motion to Stay Condemnation Proceedings and would respectfully show the Court as follows:

This is a statutory condemnation proceeding by which the United States of America (the "Government") seeks to acquire real property in fee simple from Defendants for construction of a border barrier and related appurtenances. The Government has filed a Complaint in Condemnation (Dkt. #1) and a Declaration of Taking (Dkt. #2) and deposited the Government's estimate of just compensation.

On January 20, 2021, President Biden was inaugurated and following his inauguration he signed an executive Order entitled Proclamation on the Termination of Emergency With Respect To The Southern Border Of The United States And Redirection of Funds Diverted to Border Wall Construction (the "Proclamation"). See Exhibit A, Proclamation on the Termination of Emergency. With Respect To The Southern Border Of The United States And Redirection of

Funds Diverted to Border Wall Construction, 2021 WL 197402 (January 20, 2021), available at https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/. The Court can take judicial notice of the Proclamation and Defendant requests the Court take judicial notice of the Proclamation. See FED.R. EVID. 201 (b).

Among other things, the Proclamation provides as follows:

(a) The Secretary of Defense and the Secretary of Homeland Security, in consultation with the Director of the Office of Management and Budget, shall direct the appropriate officials within their respective departments to:

(i) pause work on each construction project on the southern border wall, to the extent permitted by law, as soon as possible but in no case later than seven days from the date of this proclamation

* * *

(b) The pause directed in subsection (a)(i) of this section shall apply to wall projects funded by redirected funds as well as wall projects funded by direct appropriations. . . .

Exhibit A, Proclamation.

"[E]xecutive orders clearly carry the force and effect of law if they are issued pursuant to constitutional or statutory authority." Legal Aid Soc. of Alameda Cty. v. Brennan, 381 F. Supp. 125, 130 (N.D. Cal. 1974), aff'd in part, 608 F.2d 1319 (9th Cir. 1979) ("This particular executive order and its direct antecedents have consistently been held to be based on statutory authority resting with the President to provide for procurement, utilization, and management of government property." (citing Contractors Ass'n of Eastern Pennsylvania v. Secretary of Labor, 442 F.2d 159, 166-171 (3d Cir.), cert. denied, 404 U.S. 854, 92 S.Ct. 98, 30 L.Ed.2d 95 (1971); Farkas v. Texas Instrument, Inc., 375 F.2d 629, 632 n. 1 (5th Cir.), cert. denied, 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967)). The Proclamation orders that all construction work on the border wall project

should "pause" and the Defendants seek an order from the Court to ensure that all construction work is "pause[d]" pursuant to the Proclamation.

Additionally, Defendant anticipates the Proclamation, and Government action following the ordered pause in the border wall project, is very likely to cause a change in the project. Any change in the project could have dramatic impacts on the possession and valuation issues the parties will litigate.

So as to avoid unnecessary expenses associated with expert witnesses that have been or will be retained to consider value-related issues on the subject property and any subsequent change in the border wall project, the Defendants request that the Court order a one hundred twenty (120) day stay in these condemnation proceedings.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); Nevada v. United States Dep't of Labor, 227 F. Supp.3d 696, 698 (E.D. Tex. 2017) ("A district court has broad discretion to stay proceedings in the interest of justice and to control its docket."). It would be in the interest of justice to stay these proceedings, including the interests of both parties and the interest of judicial efficiency to the Court. See Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 385 (2004) (reasoning that "'the high respect that is owed to the office of the Chief Executive. . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery'" (quoting Clinton v. Jones, 520 U.S. 681, 707 (1997))).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their Motion to Stay Condemnation Proceedings be granted, and the United States shall provide a status report updating

the Court at the end of the stay period, and granted for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

Dated: March 26, 2021

                                         Respectfully submitted,

                                         */s Victor Rodriguez*
                                         Victor Rodriguez
                                         *Attorney-in-Charge*
                                         Texas Bar No. 24041809
                                         S.D. Tex. Bar No. 562260
                                         121 N. 10th Street
                                         McAllen, Texas 78501
                                         Telephone: (956) 630-3266
                                         victor@vrodriguezlaw.com

                                         **Counsel for Defendant**

                                         **ACTING UNITED STATES ATTORNEY**
                                         **JENNIFER B. LOWERY**

                                         By: */s N. Joseph Unruh*
                                         N. JOSEPH UNRUH
                                         Assistant United States Attorney
                                         United States Attorney
                                         Southern District of Texas No. 1571957
                                         Texas Bar No. 24075198
                                         1701 W. Bus. Hwy. 83, Suite 600
                                         McAllen, TX 78501
                                         Telephone: (956) 618-8010
                                         Facsimile: (956) 618-8016
                                         Email: Neil.Unruh@usdoj.gov

                                         **Attorney in Charge for United States**

# CERTIFICATE OF SERVICE

On March 26, 2021, I served the foregoing document via the District Clerk's CM/ECF system and all counsel of record will be served accordingly.

                                                  /s Victor Rodriguez  
                                                   Victor Rodriguez